UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUDE JUDICE<br>    LA. DOC # 493087<br>VS. | CIVIL ACTION NO. 6:10-cv-1104<br><br>SECTION P<br><br>JUDGE MELANÇON |
| WARDEN GARY GOODWIN | MAGISTRATE JUDGE HILL |

<u>REPORT AND RECOMMENDATION</u>

    Jude Judice, a prisoner in the custody of the Louisiana Department of Public Safety and Corrections, is incarcerated at the David Wade Correctional Center in Homer, Louisiana. Appearing herein through counsel, petitioner filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on July 7, 2010. Petitioner attacks his February 16, 2005 felony convictions and the sentences imposed following his *nollo contendere* pleas to various felony charges in the Louisiana Fifteenth Judicial District Court for Vermilion Parish.

    This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

**Factual and Procedural Background**

Petitioner was charged with attempted second degree murder, attempted first degree murder, aggravated rape, aggravated kidnaping, and aggravated burglary. [Doc. 1, p. 8]. On February 16, 2005, he pled *nollo contendere* to the lesser included offenses of forcible rape and aggravated battery. Petitioner was sentenced to serve 20 years at hard labor and 15 years of probation following his eventual release from custody. [Doc. 1, p. 9; p. 14-15]. Petitioner did not appeal his convictions or sentences. [Doc. 1, p. 13].

On some unspecified date, petitioner retained counsel. On March 14, 2007, counsel filed an Application for Post-Conviction Relief on petitioner's behalf in the Fifteenth Judicial District Court, alleging that petitioner's plea was not voluntarily entered because of coercion by his attorney, ineffective assistance of counsel based on the alleged coercion, failure to interview witnesses and failure to file various motions. [Doc. 1-4, p. 20].

A hearing on the Application was held on April 17, 2008. [Doc. 1-5, pp. 1-62]. By Ruling dated June 18, 2008, the District Judge denied post-conviction relief, citing petitioner's plea transcript and expressly finding that "[u]nder oath, in open court on February 16, 2005, before making his plea of *nolo-contendre*, Judice specifically stated that he had enough time to talk with his attorney, that he was satisfied with his attorney, that he was entering his plea freely and voluntarily, that no one had threatened or coerced him, and that nothing had been promised for pleading that was not already written down

on the plea form" and that "[t]hese statements directly contradict the claim of coercion that the defendant now alleges." The court held that "there is no evidence to show that Judice was not free to reject the plea offer and proceed to trial [which] had already begun on February 14, 2005." [Doc. 1-6, pp. 1-7].

Counsel sought review in the Louisiana Third Circuit Court of Appeals and, thereafter, in the Louisiana Supreme Court. On January 29, 2009, the Third Circuit denied relief finding no error. *State of Louisiana v. Jude Christopher Judice*, No. KW 08-01117 [Doc. 1-7, p. 1]. The Louisiana Supreme Court denied writs without comment on April 9, 2010. *State of Louisiana v. Jude Christopher Judice*, No. 2009-1195 (La. 4/9/2010), 31 So.3d 379. [Doc. 1-8, p. 1].

The instant petition was filed on July 7, 2010.

## Law and Analysis

*Federal One-Year Limitation Period*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. § 2244(d). *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. § 2244(d)(1)(A) was amended by AEDPA to provide a one-year period of limitations for the filing of applications for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the

judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A).[1]

The statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d at 472 ("[A]ny lapse of time before a state application is properly filed will be counted against the one-year limitation period.") *citing Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) at fn. 1 ("Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for *habeas corpus* was properly filed must be counted against the one year period of limitation.") Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner was convicted and sentenced on February 16, 2005. He did not seek direct review. Thus, under 28 U.S.C. § 2244(d)(1)(A), petitioner's judgment of conviction and sentence "became final by . . . the expiration of the time for seeking

---

[1] Nothing in the record before the court suggests that any State created impediment prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [*See* 28 U.S.C. § 2244(d)(1)(B), (C), and (D)]. Accordingly, these provisions are inapplicable.

[direct] review", that is, thirty days after acceptance of petitioner's plea and sentencing[2] on March 21, 2005.[3] Pursuant to 28 U.S.C. § 2244(d)(1), petitioner had one year from that date, or until March 21, 2006, to file his federal *habeas corpus* petition. However, petitioner did not file his federal petition until July 7, 2010.

Petitioner argues that his petition is timely because a federal *habeas corpus* petition "is timely filed [if] filed within one (1) year of the last action of the Courts of the State of Louisiana." [Doc. 1, p. 6]. He further argues that his petition "is timely-filed where it comes within one (1) year of the finality of the Louisiana Supreme Court's denial of Mr. Judice's Application for Writ of Review relative to the Trial Court's denial of his Application for Post-Conviction Relief. [*Id.*, p. 7]. Petitioner's legal argument is incorrect.

As set forth above, the federal one-year limitation period begins to run from the date the judgment of conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such [direct] review . . . ." 28 U.S.C. § 2244(d)(1)(A). In this case, that occurred on March 21, 2005, when the thirty day period for seeking a direct appeal of petitioner's convictions and sentences expired. The Louisiana Supreme Court's April 9, 2010 writ denial, on which petitioner relies, does not mark the

---

[2] *See* La. C.Cr.P. art. 914(b)(1) which provides a thirty day period for the filing of a Motion for Appeal.

[3] La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law. . . the date of the act . . . after which the period begins to run is not to included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. . . ." Petitioner was sentenced on Wednesday, February 16, 2005. The thirty day period for seeking an appeal ended Friday, March 18, 2005. Therefore, giving petitioner the benefit of every doubt, at the latest, he had until Monday, March 21, 2005 to file a timely motion for appeal. That date should therefore be considered the date of finality of judgment for AEDPA purposes.

5

conclusion of direct review, but, rather, the conclusion of collateral review.

Petitioner additionally argues that his petition is timely because he could not have asserted his ineffective assistance of counsel claims on direct appeal, as such claims are routinely reviewed only in post-conviction proceedings, and, hence, the one-year limitation period should run from the Louisiana Supreme Court's denial of his request for review by the Louisiana Supreme Court those proceedings.

Petitioner's argument is foreclosed by the express statutory language of § 2244(d)(1)(A) which provides that the trigger for the one-year limitation period is the "the date on which the judgment [of conviction] became final by the conclusion of *direct review* or the expiration of the time for seeking such review" (emphasis added), not the date the state court ultimately rules on an application for collateral relief.  *See also Kimbrall v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002) ("Subsection (A) ties the date of filing expressly to the state court judgment pursuant to which a prisoner is in custody. This reference, and the further reference to direct appellate review, unmistakably concern only the judgment of conviction . . . ."); *Crutcher v. Cockrell,* 301 F.3d 656, 657 (5th Cir. 2002) ("The one-year statute of limitations on habeas applications begins to run under 28 U.S.C. § 2244(d)(1)(A) when the judgment of conviction becomes final . . . ."); *Giesberg v. Cockrell*, 288 F.3d 268, 270 (5th Cir.2002) (holding that "the key to" 28 U.S.C. § 2244(d)(1)(A) is the finality of the underlying judgment of conviction); *Jimenez v. Quarterman*, 129 S.Ct. 681 (2009) (determining when direct appellate review ends and

the judgment of conviction becomes final for purposes of § 2244(d)(1)(A)).

While it is true that ineffective assistance of counsel claims are properly raised in post-conviction proceedings, the essence of petitioner's allegations are that his plea was not knowingly, voluntarily or intelligently entered due to coercion by his attorney. This claim clearly could, and indeed should, have been raised on direct appeal. Further, nothing precluded petitioner from filing an application for post-conviction relief asserting his ineffective assistance of counsel claims immediately after his appellate delays had expired.; this was not done in petitioner's case. [4]

Petitioner cannot rely on the tolling provision of 28 U.S.C. § 2244(d)(2) because by the time he filed his state application for post-conviction relief on March 14, 2007, the AEDPA limitations period had already expired, as the lapse of time between the finality of the petitioner's conviction and the filing of petitioner's application for post-conviction relief in state court must be counted against the one-year limitation period. *Villegas,* 184 F.3d at 472 *citing Flanagan*, 154 F.3d at 197 fn. 1, *supra.* Thus, under the statutory framework, the instant petition has been untimely filed.

*Equitable Tolling*

Petitioner is not entitled to equitable tolling. The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be

---

[4] This fact also defeats any argument, not asserted herein, under 28 U.S.C. § 2244(d)(1)(D), that the one-year period commences when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See Kimbrell*, 311 F.3d at 363-364. Petitioner knew the facts underlying his ineffective assistance of counsel claims when he entered his plea on February 16, 2005. His state post conviction application was not filed until two years later.

equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). The Supreme Court, assuming, without deciding, that equitable tolling is available to persons situated as is petitioner, said that to be entitled to equitable tolling, the petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S.Ct. at 1085; *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807,161 L.Ed.2d 669 (2005).

The record does not support equitable tolling of the statute of limitations in the instant case. The circumstances faced by petitioner were neither extraordinary, rare or exceptional so as to provide a basis for equitable tolling.

Moreover, petitioner has not shown that he pursued his rights diligently. Petitioner waited two years before he filed for post-conviction relief in the Louisiana state courts. Further, petitioner allowed a period of almost three more months to elapse between the date his post-conviction application ceased to be pending in the Louisiana state courts and the date he filed the instant petition. Petitioner was therefore not diligent in pursuing his rights and, accordingly, he is not eligible for equitable tolling.

For the reasons set forth above, petitioner's federal petition for writ of *habeas corpus* is barred by the provisions of § 2244(d) and dismissal on that basis is appropriate. Accordingly;

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the**

**memorandum shall be provided to the District Judge at the time of filing.**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, November 3, 2010.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE